# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEVAR JOHNSON,

    Plaintiff,

    v.                                                                  Case No. 13-CV-699

WILLIAM POLLARD,
DR. RICHTER, J. ZWIERS,
MATTHEW J. THOMPSON, M.D.,
TOM GOZINSKE, ISMAEL OZANNE,
CYNTHIA THORPE, and CATHY FRANCOIS,

    Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $8.55.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel.*

*Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by

factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, the plaintiff was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant. The defendants are: William Pollard, former GBCI Warden and now Waupun Correctional Institution Warden; Dr. Richter; J. Zwiers, GBCI Health Services Unit Manager; Dr. Matthew J. Thompson, former GBCI "contract doctor"; Tom Gozinske; Ismael Ozanne; Cynthia Thorpe; and Cathy Francois.

The plaintiff alleges that on April 11, 2010, he submitted an inmate complaint stating that he was in extreme pain from an eye ailment.[1] On April 14, 2010, he was summoned to the Health Services Unit (HSU) where he was given "grossly deficient medication for pain (and to correct the malady)." (Compl. at 4, ¶ 3.) Two days later, the plaintiff informed defendant Dr. Richter that he was in severe pain and pointed out a large lump under his eye. Dr. Richter ordered a different medication and advised the plaintiff that it would work. However, the new medication did not work

---

[1] Throughout the complaint, the plaintiff cites to attachments that are his administrative inmate complaint documents. However, there are no attachments to the plaintiff's complaint.

- 3 -

and the plaintiff told Dr. Richter that he was still in extreme pain. Dr. Richter then told the plaintiff that he was scheduled to see an outside eye specialist but that he would not prioritize the visit because the plaintiff was not in any danger of losing his eyesight. The plaintiff pleaded to be seen earlier but was told that nothing could be done.

On June 22, 2010, the plaintiff submitted another inmate complaint. Defendant Thorpe's "ICE Response" states in part: "This examiner was informed that his sight is not in jeopardy." (Compl. at 5, ¶ 14.) The plaintiff alleges that defendants Thorpe and Gozinske knew that their fabricated response to the plaintiff's inmate complaint would harm him. The inmate complaint was dismissed and the plaintiff appealed. Defendants Thorpe, Francois, and Ozanne's treatment of the appeal also contained fabrications and covered-up the willful and reckless indifference to the plaintiff's medical care. In addition, defendants Warden Pollard, HSU Manager Zwiers, and Dr. Thompson showed a willful and reckless indifference to the fact that the plaintiff was going blind.

On July 6, 2010, the plaintiff was taken to St. Vincent's Hospital to see an eye specialist for the severe pain in his left eye. However, by that time it was too late and the plaintiff had already lost 95% of the vision in his left eye. He suffers from permanent disability, constant eye pain, disfigurement, depression, emotional and physical distress, and recurring nightmares. Finally, the plaintiff alleges that on June 12, 2013, an eye doctor confirmed that he would not have gone blind if he had been treated promptly.

The plaintiff claims that the defendants violated his rights under the Eighth Amendment. He seeks declaratory relief and monetary damages.

Prison officials will be liable under the Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008);

*Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Delaying medical treatment may constitute deliberate indifference, depending on the seriousness of the condition and the ease of providing treatment. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith*, 666 F.3d at 1040.

Here, the plaintiff's allegations that Dr. Richter's decision to delay his referral to a specialist resulted in blindness states a claim under the Eighth Amendment. At this early stage, the plaintiff may also proceed against the other defendants, whom he alleges persisted in a course of conduct that harmed the plaintiff.

*Plaintiff's Request for Pro Bono Counsel*

The plaintiff's complaint contains a request for appointment of counsel. He asserts that he is blind in one eye and semi-illiterate. Civil litigants have neither a statutory nor a constitutional right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono*. *See* 28 U.S.C. § 1915(e)(1) (in proceedings in forma pauperis, "[t]he court may request an attorney to represent any person unable to afford counsel"). To be clear, the court's discretionary authority is to recruit a lawyer to represent an indigent civil litigant *pro bono*, but not to make "coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). When a party asks the court to recruit a volunteer lawyer in a civil case, the district court must inquire as to whether (1) the indigent party has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) the indigent party appears competent to litigate the case

himself, taking into account the difficulty of the case. *Id.* at 654. On the second part of this inquiry, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff. "[I]f that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (internal citations omitted). Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. *Id.* This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, the plaintiff has not satisfied the threshold requirement of trying to find an attorney on his own. In addition, he filed a detailed complaint setting forth his claim, which is not overly complex. The plaintiff appears capable of proceeding on his own at this time. Accordingly, the Court declines to recruit counsel for the plaintiff at this point in the proceedings. However, the Court may revisit the decision not to recruit counsel as the case proceeds if it appears that counsel is required. *See Santiago v. Wells*, 599 F.3d 749, 762-65 (7th Cir. 2010) (holding that district court should have recruited counsel for plaintiff who was transferred to another correctional facility and encountered difficulties in conducting necessary pretrial discovery with uncooperative prison officials and defendants).

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for counsel (Docket # 1) be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.45 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of August, 2013.

BY THE COURT

 *s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge